# Third District Court of Appeal

## State of Florida

Opinion filed February 8, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2138
Lower Tribunal No. 90-29389C
_____

**Pablo Japo,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Dennis J. Murphy, Judge.

Pablo Japo, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SALTER, EMAS and FERNANDEZ, JJ.

PER CURIAM.

## ON THIS COURT'S ORDER TO SHOW CAUSE

On November 16, 2016, we affirmed per curiam Mr. Japo's appeal of the trial court's order denying his motion for postconviction relief. At that same time, we issued an order directing Mr. Japo to show cause why this court should not prohibit him from submitting further pro se appeals, petitions, motions or other pleadings regarding case number F90-29389C unless such pleadings are signed by an attorney who is a duly licensed member of The Florida Bar in good standing.

Including the instant appeal, Mr. Japo has filed at least eleven postconviction appeals or original petitions related to his conviction and sentence in lower tribunal Case No. 90-29389C.[1]  Each of these appeals was either successive, time-barred, or otherwise wholly without merit.  In his response to this court's order, Mr. Japo has failed to show cause why we should not prohibit him from proceeding pro se and we find that the actions of Mr. Japo constitute an abuse of the postconviction process.

We therefore direct the clerk of this court not to accept any appeals, petitions, motions or other pleadings regarding case number F90-29389C, unless

---

[1] See 3D98-3245; 3D00-2099; 3D01-1819; 3D04-1252; 3D05-2497; 3D09-2310; 3D09-3192; 3D12-3225; 3D15-644; 3D15-1786.  In a twelfth proceeding (3D05-2224), Mr. Japo filed a pro se petition for belated appeal; we granted the petition for belated appeal and subsequently affirmed the trial court's order per curiam in 3D05-2497.

such pleadings are signed by an attorney who is a duly licensed member of The Florida Bar in good standing.